```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      EASTERN DIVISION
```

|   |   |
|---|---|
| EDWARD JEROME DANCE, | |
| Petitioner, | |
| vs. | No. 1:10-1179 JDB-egb |
| TONY PARKER, | |
| Respondent. | |

```
                    ORDER OF DISMISSAL,
          DENYING MOTIONS FOR DETERMINATION AS MOOT
                   (DOCKET ENTRIES 18 & 19),
              DENYING CERTIFICATE OF APPEALABILITY
           CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                             AND
          DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
```

On July 9, 2010, Petitioner, Edward Jerome Dance, Tennessee Department of Correction prisoner number 132482, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254, along with a motion seeking leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1, D.E. 2.) On July 26, 2010, the Court granted the motion to proceed *in forma pauperis*. (D.E. 3.) On July 30, 2010, the Court directed the Respondent, Tony Parker, Warden of NWCX, to file the state-court record and a response to the petition. (D.E. 4.) Parker filed an answer to the petition on October 21, 2010, and four days later, filed the state-court record. (D.E. 12, D.E. 13.) On December 29, 2010,

Petitioner filed a traverse. (D.E. 17.)  On August 14 and November 26, 2012, Dance submitted motions seeking a determination of his case. (D.E. 18, D.E. 19.)

I.   STATE COURT PROCEDURAL HISTORY

On April 8, 2001, a grand jury sitting in Gibson County, Tennessee, indicted Dance in two separate cases for a total of three counts of selling cocaine. (Indictment for Case No. 16296, D.E. 13-1 at 6-8; Indictment for Case No. 16927, D.E. 13-1 at 10-12.)[1]  The cases were consolidated for trial. (Id. at 14-16.)  On October 7, 2002, the State Prosecutor filed a notice of intent to impeach by evidence of conviction of crimes and notice of intent to seek enhanced punishment. (Id. at 17-20.)  Following a jury trial in the Gibson County Circuit Court in July, 2003, Petitioner was convicted as charged. (Id. at 39.)  On August 29, 2003, the State filed a notice of enhancement factors. (Id. at 28.)  Dance was sentenced as a Range III offender to two twenty-five year terms of imprisonment to be served concurrently with each other, and one ten year term of imprisonment, to be served consecutively to the twenty-five year terms, for an effective sentence of thirty-five years. (Judgments, D.E. 13-1 at 33, id. at 36.)

On direct appeal, Petitioner raised a single issue: whether the trial court violated the holding of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403

---

[1]   Page citations are to the district court record docket entries.

2

(2004), by imposing consecutive sentences. (D.E. 13-2 at 8.) The Tennessee Court of Criminal Appeals affirmed Dance's sentence. State v. Dance, No. W2004-00576-CCA-R3-CD, 2005 WL 452507 (Tenn. Crim. App. Feb. 25, 2005), *app. denied* (Tenn. May 31, 2005).

On January 30, 2006, Dance filed a *pro se* petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122, in the Gibson County Circuit Court. (Pet. for Relief from Conviction or Sentence, D.E. 13-3 at 4-13.) On November 20, 2006, he filed an amended *pro se* petition. (Amended Pet., id. at 14-20.) Counsel was appointed to represent Dance, and a second amended petition was filed on September 18, 2007. (Sec. Am. Pet. For Post-Conviction Relief, id. at 21-26.) An evidentiary hearing was held, and on March 25, 2008, the post-conviction court issued an order denying relief. (Order, id. at 32-36.)

Petitioner appealed the denial of his post-conviction petition and attempted to proceed *pro se* on appeal. (D.E. 13-4 at 17-21.) His request was denied by the Tennessee Court of Criminal Appeals. (D.E. 13-4 at 12, 16.) Appellate Judge J.C. McLin ordered that all future post-conviction pleadings were to be filed by counsel. (Id. at 12.) The issues raised on appeal were that trial counsel was ineffective by failing to: (1) object to an insufficient notice of enhancement factors filed by the State, (2) file a motion for recusal of the trial judge, (3) adequately

3

prepare for the sentencing hearing, (4) inform Petitioner of a plea offer and adequately advise him that he would not be sentenced as a Range I offender if he proceeded to trial, and (5) pursue a Rule 11 application for permission to appeal with the Tennessee Supreme Court or to properly withdraw.  (D.E. 13-4 at  5, 7-9.)  Dance sought leave to file a supplemental *pro se* brief with the Tennessee Court of Criminal Appeals that included an ineffective assistance claim for counsel's failure to raise a Blakely challenge to the enhancement of his sentence.  (Id. at 65, 67-73.)  Because Dance was represented by counsel, the *pro se* filing was not considered by the state appellate court.  The Tennessee Court of Criminal Appeals affirmed the decision of the post-conviction court.  Dance v. State, No. W2008-00692-CCA-R3-PC, 2009 WL 2486172 (Tenn. Crim. App. Aug. 12, 2009), *app. denied* (Tenn. May 28, 2010).

II.  PETITIONER'S FEDERAL HABEAS CLAIMS

In this § 2254 petition, Dance contends that (1) the trial judge's enhancement of his sentence violated the principles of Blakely and (2) his attorney rendered ineffective assistance by failing to raise issue one.  (D.E. 1 at 5, 15.)

Respondent contends these issues are procedurally barred from federal habeas review because the inmate failed to "fully and fairly" present the issues to the state courts during either phase of appellate review for proper exhaustion.  (D.E. 12 at 3.)

III. THE LEGAL STANDARD

4

The statutory authority for federal courts to grant habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A. Exhaustion and Procedural Default

Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), *reh'g denied*, ___ U.S. ___, 131 S. Ct. 2951, 180 L. Ed. 2d 239 (May 31, 2011). A petitioner must "fairly present"[2] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly

---

[2] For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed.2d 3 (1982) (per curiam) (internal citations omitted). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996), *reh'g denied*, 518 U.S. 1047, 117 S. Ct. 22, 135 L. Ed. 2d 1116 (Aug. 27, 1996).

disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 838, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999).  Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies."  Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003)(emphasis omitted), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L. Ed. 2d 392 (2004); *see* also Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes that court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

The procedural default doctrine is ancillary to the exhaustion requirement.  *See* Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S. Ct. 1587, 1592, 146 L. Ed. 2d 518 (2000) (noting the interplay between the exhaustion rule and the procedural default doctrine).  If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, a petitioner ordinarily is barred from seeking federal habeas review.  Wainwright v. Sykes, 433 U.S. 72, 81-82, 97 S. Ct.

2497, 2503-04, 53 L. Ed. 2d 594 (1977), *reh'g denied*, 434 U.S. 880, 98 S. Ct. 241, 54 L. Ed. 2d 163 (Oct. 3, 1977); *see also* Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991)(a federal habeas court will not review a claim rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment"), *reh'g denied*, 501 U.S. 1277, 112 S. Ct. 27, 115 L. Ed. 2d 1109 (Sept. 13, 1991).  If a claim has never been presented to the state courts, but a state court remedy is no longer available (*e.g.*, when an applicable statute of limitations bars a claim), the claim is technically exhausted, but procedurally barred. Coleman, 501 U.S. at 732, 111 S. Ct. at 2555; *see* Hicks v. Straub, 377 F.3d 538, 551 (6th Cir. 2004) (the procedural default doctrine prevents circumvention of the exhaustion doctrine), *cert. denied*, 544 U.S. 928, 125 S. Ct. 1653, 161 L. Ed.2d 490 (2005).

Under either scenario, a petitioner must show "cause" to excuse his failure to present the claim fairly and "actual prejudice" stemming from the constitutional violation or, alternatively, that a failure to review the claim will result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 318-22, 115 S. Ct. 851, 862-64, 130 L. Ed. 2d 808 (1995); Coleman, 501 U.S. at 750, 111 S. Ct. at 2565.  The latter showing requires a petitioner to establish that a constitutional error has probably

resulted in the conviction of a person who is actually innocent of the crime. Schlup, 513 U.S. at 321-22, 115 S. Ct. at 864; *see also* House v. Bell, 547 U.S. 518, 536-539, 126 S. Ct. 2064, 2076-78, 165 L. Ed. 2d 1 (2006) (restating the ways to overcome procedural default and further explaining the actual innocence exception).

 B. Merits Review

  Section 2254(d) establishes the standard for addressing claims that have been adjudicated in state courts on the merits:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner carries the burden of proof for this "difficult to meet" and "highly deferential [AEDPA] standard," which "demands that state-court decisions be given the benefit of the doubt." Cullen, ___ U.S. at ___, 131 S. Ct. at 1398.[3]

---

[3] The AEDPA standard creates "a substantially higher threshold" for obtaining relief than a *de novo* review of whether the state court's determination was incorrect. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939, 167 L. Ed. 2d 836 (2007), *reh'g denied*, 551 U.S. 1177, 128 S. Ct. 7, 168 L. Ed. 2d 784 (July 30, 2007).

8

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Id., ___ U.S. at ___, 131 S. Ct. at 1399. A state court's decision is "contrary" to federal law when it "arrives at a conclusion opposite to that reached" by the Supreme Court on a question of law or "decides a case differently than" the Supreme Court has "on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 364-65, 120 S. Ct. 1495, 1498, 146 L. Ed. 2d 389 (2000).[4] An "unreasonable application" of federal law occurs when the state court "identifies the correct governing legal principle from" the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 365, 120 S. Ct. at 1498. The state court's application of clearly established federal law must be "objectively unreasonable." Id., 120 S. Ct. at 1498. The writ may not issue merely because the habeas court, in its independent judgment, determines that the state court decision applied clearly established federal law erroneously or incorrectly. Renico v. Lett, ___ U.S. ___, ___, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010); Williams, 529 U.S. at 411, 129 S. Ct. at 1522.

---

[4] The "contrary to" standard does not require citation of Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (per curiam), reh'g denied, 537 U.S. 1148, 123 S. Ct. 955, 154 L. Ed. 2d 854 (Jan. 13, 2003); see also Treesh v. Bagley, 612 F.3d 424, 429 (6th Cir. 2010) (same), cert. denied, ___ U.S. ___, 131 S. Ct. 1678, 179 L. Ed. 2d 622 (2011).

There is little case law addressing the standard in § 2254(d)(2) that a decision was based on "an unreasonable determination of facts." However, in Wood v. Allen, 558 U.S. 290, ___, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010), *reh'g denied*, 130 S. Ct. 1942, 176 L. Ed. 2d 405 (Mar. 22, 2010), the Supreme Court held that a state-court factual determination is not "unreasonable" merely because the federal habeas court would have reached a different conclusion. Wood, 558 U.S. at ___, 130 S. Ct. at 849. In Rice v. Collins, 546 U.S. 333, 126 S. Ct. 969, 163 L. Ed. 2d 824 (2006), the Court explained that "[r]easonable minds reviewing the record might disagree" about the factual finding in question, "but on habeas review that does not suffice to supersede the trial court's . . . determination." Rice, 546 U.S. at 341-42, 126 S. Ct. at 976.

"Notwithstanding the presumption of correctness, the Supreme Court has explained that the standard of § 2254(d)(2) is 'demanding but not insatiable.'" Harris v. Haeberlin, 526 F.3d 903, 910 (6th Cir. 2008) (quoting Miller-El v. Dretke, 545 U.S. 231, 240, 125 S. Ct. 2317, 162 L. Ed. 2d 196 (2005)), *reh'g & reh'g en banc denied* (Aug. 14, 2008). "Even in the context of federal habeas, deference does not imply abandonment or abdication of judicial review." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003). A state court adjudication will not be overturned on factual grounds unless objectively unreasonable in

light of the evidence presented in the state court proceeding. Ayers v. Hudson, 623 F.3d 301, 308 (6th Cir. 2010), *reh'g & reh'g en banc denied* (Dec. 28, 2010).

IV.  ANALYSIS OF PETITIONER'S CLAIMS

### Procedural Default

Dance contends that he presented the state courts with these issues through *pro se* filings. (D.E. 17 at 4.) However, he was not permitted to proceed *pro se* and his claims were never substantively addressed by the Tennessee Court of Criminal Appeals. The issues have been exhausted through Dance's procedural default, and he has no avenue remaining for presentation of his claims given the state statute of limitations on state post-conviction relief. This procedural default operates as a complete and independent procedural bar to federal habeas review of Petitioner's claims.

Based on his attempt to represent himself during the appeal of the denial of post-conviction, Dance may contend that post-conviction counsel provided ineffective assistance. "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman, 501 U.S. at 752, 111 S. Ct. at 2566 (internal citations omitted). Attorney error cannot constitute "cause" for a procedural default "because the attorney is the petitioner's agent when acting, or failing to act, in furtherance

of the litigation, and the petitioner must bear the risk of attorney error." Id. at 753, 111 S. Ct. at 2566-67 (internal quotation marks omitted). Thus, where the State has no constitutional obligation to ensure that a prisoner is represented by competent counsel, the petitioner bears the risk of attorney error. Id. at 754, 111 S. Ct. at 2567.[5]

This conclusion is not altered by the Supreme Court's recent decision in Martinez v. Ryan, ___ U.S. ___, ___, 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272 (2012), which recognized a narrow exception to the rule stated in Coleman "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding . . . ." Martinez, ___ U.S. at ___, 132 S. Ct. at 1320. In such cases, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at __, 132 S. Ct. at 1320.

Martinez arose under an Arizona law that does not permit ineffective assistance claims to be raised on direct appeal. Id. at ___, 132 S. Ct. at 1313. "[I]n Tennessee, there is no prohibition against litigation of ineffective counsel claims on direct appeal, as opposed to collateral proceedings." Leberry v.

---

[5] *See also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Howerton, No. 3:10-00624, 2012 WL 2999775, at *1 (M.D. Tenn. July 23, 2012) (internal quotation marks omitted). Although ineffective assistance claims are usually raised in post-conviction proceedings in Tennessee, the decision in Leberry declined to extend the reasoning of Martinez, explaining that "the equities of concern in Martinez do not extend to situations where, as here, a petitioner is represented in his post conviction proceeding by yet another attorney who is free to make the ineffectiveness of trial counsel claim." Id. at *2. Counsel has no duty to raise frivolous issues and may exercise her discretion to limit the brief to the Tennessee Court of Criminal Appeals to the strongest arguments.[6] The issues presented in this petition are barred by Petitioner's procedural default.

The Petition is DISMISSED WITH PREJUDICE. Judgment shall be entered for Respondent. Petitioner's motions for determination (D.E. 18, D.E. 19) are DENIED as MOOT.

V. APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Cockrell, 537 U.S. at 335, 123 S. Ct. at 1039; Bradley v. Birkett, 156 F. App'x 771, 772 (6th Cir. 2005), *reh'g & reh'g en banc denied* (Jan. 10, 2006). The Court must

---

[6] *See* Smith v. Murray, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667, 91 L. Ed. 2d 434 (1986) (the failure to raise a non-frivolous issue on appeal does not constitute *per se* ineffective assistance of counsel, as "[t]his process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy") (internal quotation marks and citation omitted).

issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Cockrell, 537 U.S. at 336, 123 S. Ct. at 1039 (internal quotation marks omitted); *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir.) (per curiam) (same), *cert. denied*, 555 U.S. 1160, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Cockrell, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that the claims in this petition are barred by procedural default. Because any appeal

by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal unless the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*. In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[7]

IT IS SO ORDERED this 31st_day of January, 2013.

                                        s/ J. Daniel Breen
                                        J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).